IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JOHN PRIESTLEY, JR.,                        )<br>                                                             )<br>            Plaintiff,                               )<br>                                                             )<br>vs.                                                          )       No. CIV-12-323-D<br>                                                             )<br>MICHAEL G. PRIESTLEY, TRUSTEE; BILL )<br>   SHEPPARD; and JOHN PRIESTLEY [SR.] )<br>   LIVING TRUST,                               )<br>                                                             )<br>            Defendants.                          )       | |

## ORDER

Plaintiff, appearing *pro se*, filed papers to open this action and to obtain leave to proceed *in forma pauperis* pursuant to 28 U. S. C. § 1915. His motion to proceed *in forma pauperis* was granted [Doc. No. 4] on March 26, 2012. Because Plaintiff did not, however, file a complaint, the Court entered an Order [Doc. No. 7] directing that he do so. In the Order, the Court instructed Plaintiff that his Complaint must state facts to show the basis for the claims he asserts, facts sufficient to show this Court has jurisdiction over the subject matter and the parties, and facts to show that venue is proper in this Court.

Plaintiff has now filed the Complaint, consisting of 26 pages and accompanied by documents. Because Plaintiff has been granted leave to proceed *in forma pauperis,* the Court must review the Complaint upon filing to determine if it is, *inter alia,* frivolous or malicious, or fails to state a claim upon which relief may be granted. 28 U. S. C. § 1915(e)(2); *Kay v. Bemis*, 500 F. 3d 1214, 1217 (10th Cir. 2007). The Court's review also includes determining whether it may properly exercise jurisdiction over the subject matter and the parties and whether venue is proper here.

Having reviewed the Complaint upon filing, the Court finds it deficient in several respects and thus concludes it must be dismissed. However, the Court will authorize Plaintiff to file an amended complaint to cure the deficiencies noted herein.[1] Although it is not the responsibility of the Court to "supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf," *Smith v. United States*, 561 F. 3d 1090, 1096 (10th Cir. 2009), the Court notes the following as guidance to Plaintiff in recognizing the deficiencies in his Complaint.

Because Plaintiff appears *pro se*, the Court must construe the allegations liberally. *See Haines v. Kerner,* 404 U.S. 519, 520 (1972). Applying that construction, the Court discerns that Plaintiff's claims are based on a trust created by his deceased father, John Priestley, Sr., who resided in Cleveland County, Oklahoma, where some of the trust property is allegedly located. Plaintiff also alleges he is a beneficiary of that trust and is a resident of Cleveland County, Oklahoma. Although the Complaint is unnecessarily lengthy and contains factual allegations which appear unrelated to the trust, Plaintiff apparently seeks to assert a claim based on a breach of the trust and/or the fiduciary obligations of the trustee, identified as Defendant Michael Priestley.

Plaintiff appears to invoke federal court jurisdiction based on the diversity of citizenship of the parties, alleging that Defendants Michael Priestley and Bill Sheppard reside in Arizona, while Plaintiff is an Oklahoma resident. Such jurisdiction exists, however, only where the Plaintiff's citizenship is diverse from that of each defendant and the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs. 28 U. S. C. § 1332(a)(1). Although it appears the

---

[1] Because *pro se* litigants must be given "reasonable opportunity to remedy the defects" in their pleadings, they should be given an opportunity to amend unless doing so would be futile. *Hall v. Bellmon*, 935 F.2d 1106, 1110, n 3 (10th Cir. 1991).

only named parties are citizens of different states, Plaintiff alleges no coherent facts to show that the amount in controversy between Plaintiff and the named defendants exceeds $75,000.00. The Complaint is thus deficient because it fails to adequately allege these bases for subject matter jurisdiction.

With regard to venue, Plaintiff apparently contends that venue may be based on 28 U. S. C. § 1391(b)(2), as he alleges the conduct underlying his claims occurred in this judicial district and/or a substantial part of the property that is the subject of this action is situated within this district.[2] If venue cannot be proper in this district, Plaintiff should determine where this action may properly be filed.

Plaintiff's amended complaint must also avoid recitation of unnecessary contentions and include only factual allegations to support the relief requested. The Federal Rules of Civil Procedure require that Plaintiff allege: 1) a short and plain statement of the grounds for the court's jurisdiction; 2) a short and plain statement of the claim showing that he is entitled to relief; and 3) a demand for the relief sought. Fed. R. Civ. P. 8(a). In this regard, Plaintiff is cautioned that he must allege facts to show the basis for each claim against each defendant. The existing Complaint's lengthy narrative about events and occurrences unrelated to Plaintiff's breach of trust claims does not satisfy the requirements of Rule 8(a).

For the foregoing reasons, the Complaint is dismissed upon filing. Plaintiff is granted leave to file an amended complaint to cure the noted deficiencies. Plaintiff must file his amended complaint no later than 21 days from the date of this Order, and failure to do so will result in the

---

[2] The other statutory bases for venue in § 1391(b) cannot be present because the allegations show that no defendant resides in this district, as required by §1391(b)(1), and Plaintiff does not allege that the action could not be brought in any other district.

```
```

dismissal of this action without prejudice.

    IT IS SO ORDERED this 30th day of January, 2013.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE