# MIN THE UNITED STATES DISTRICT COURT FOR THE

# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JOHN PRIESTLEY, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No. CIV-12-323-D |
| ) | |
| MICHAEL G. PRIESTLEY, TRUSTEE; BILL ) | |
| SHEPPARD; and JOHN PRIESTLEY [SR.] ) | |
| LIVING TRUST, ) | |
| ) | |
| Defendants. ) | |

## **ORDER**

Before the Court is Plaintiff's second motion for partial default judgment [Doc. No. 32]. Plaintiff also filed a motion for reconsideration [Doc. No. 31] asking the Court to reconsider its Order [Doc. No. 30] denying Plaintiff's first motion for partial default judgment.

As set forth in the previous Order [Doc. No. 30], default judgment cannot be entered at this time because returns of service reflecting service of summons and the Complaint upon the defendants have not been filed of record in this case. Default judgments must be preceded by an entry of default in which the Court Clerk certifies that returns of service have been filed and that the served defendant has not answer or otherwise responded within the time period prescribed in the summons. No entry of default has been filed in this case, and the Court file continues to reflect that the returns of service filed [Doc. Nos. 25, 26 and 27] were unexecuted, thus indicating that the

defendants were not served.[1]

In his motions [Doc. Nos. 31 and 32], Plaintiff argues that service was accomplished because the attorney for the trust on which Plaintiff's claims are based was provided with a copy of the Complaint. Plaintiff contends that, pursuant to Okla. Stat. tit. 12, § 2005, service may be made upon an attorney for a party. Plaintiff misconstrues the statute, as it applies to service of pleadings and papers filed *after* a properly served party is represented by an attorney who has entered an appearance in the lawsuit. In those circumstances, pleadings and papers filed in the case may be served upon the attorney of record in the lawsuit rather than the party he or she represents in that lawsuit. It does not apply to service of summons and the complaint filed upon commencement of the state court lawsuit, as the rules governing the same for Oklahoma courts are prescribed by Okla. Stat. tit. 12, § 2004.

Plaintiff also appears to argue that, because the defendants are parties in a state court proceeding involving the trust, he may perfect service upon them in this lawsuit by notifying their attorney of record in the state proceeding. Plaintiff is incorrect. That the parties named in this case may also be parties in a state court proceeding does not authorize Plaintiff to attempt service upon them by notifying an attorney who represents them in the state court proceeding. To perfect service of process upon the defendants in *this* federal lawsuit, Plaintiff must comply with the requirements of Fed. R. Civ. P. 4 and the Local Civil Rules of this Court. Because he has not done so, no defendant is in default, and default judgment cannot be entered.

---

[1] Plaintiff is aware that service has not been perfected, as he has filed a separate motion requesting issuance of alias summons [Doc. No. 34] and a motion seeking an extension of time in which to serve the defendants [Doc. No. 35]. Those motions will be addressed in a separate order or orders.

Plaintiff's motion for reconsideration [Doc. No. 31] and his motion for partial default judgment [Doc. No. 32] are denied.

IT IS SO ORDERED this 23rd day of October, 2013.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE